UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20079-CR-MORENO/TORRES

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)(A)

FILED BY _____MP_____ D.C.

Mar 7, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

RAISHA KELLY,
WIDNY THIBAUD,
ANN GILCHRIST, and
CORTIRA GRAY,

   Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.  The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.  As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

### *The Paycheck Protection Program*

3.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses, including sole proprietorships, for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4.      In order to obtain a PPP loan, a qualifying sole proprietorship submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the sole proprietorship (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483-C), a sole proprietorship without employees (through its authorized representative) was required to provide, among other things, the total amount of gross income reported on its 2019 or 2020 IRS Form 1040, Schedule C, line 7 ("Schedule C"). This figure was used to calculate the amount of money the sole proprietorship was eligible to receive under the PPP.

5.      A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower and the total amount of the loan, was transmitted by the lender to the SBA in the course of processing the loan.

6.      PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest

and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll costs.

7. In 2021, "Second Draw" PPP loans became available to PPP applicants who used the full loan amount of their PPP funds on eligible expenses.

### *The Economic Injury Disaster Loan Program*

8. Another related response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

9. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020; and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

10. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

**The Defendants, Related Persons, Lenders and Loan Processors**

11. Lender 1 was a lender based in Laguna Hills, California, and was an approved SBA lender of PPP Loans.

12. Lender 2 was a lender based in Lake Mary, Florida, and was an approved SBA lender of PPP loans.

13. Lender 3 was a lender based in New York, New York, and was an approved SBA lender of PPP loans.

14. Lender 4 was a lender based in Coral Gables, Florida, and was an approved SBA lender of PPP loans.

15. Financial Technology Company 1, based in San Francisco, California, was a company that provided identification verification services for Lenders 1, 2 and 4.

16. IWINKS MINKS LASH BAR LLC ("IWINKS") was a Florida Corporation that listed its principal place of business as 1272 NW 159 Avenue Pembroke Pines, Florida.

17. Up and Running Motors Inc ("Up and Running") was a Florida Corporation that listed its principal place of business at 2131 NW 139th Street Unit 18, Opa Locka, Florida 33054.

18. **RAISHA KELLY** was a resident of Miami-Dade County, Florida and Palm Beach County, Florida. **KELLY** was the Registered Agent of IWNKS.

19. **WIDNY THIBAUD**, a resident of Miami-Dade and Palm Beach Counties, was the owner of Up and Running.

4

20. **ANN GILCHRIST** was a resident of Miami-Dade County.

21. **CORTIRA GRAY** was a resident of Miami-Dade County.

22. Racquel Marks was a resident of Miami-Dade County.

23. Individual 1 was a resident Brevard County, Florida.

24. Individuals 2 and 3 were residents of Miami-Dade County.

25. Mortgage Lender 1 was a Mortgage Lender whose headquarters was located in Pontiac, Michigan.

## COUNT 1
## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

1. Paragraphs 1 through 24 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around February 2020, and continuing through on or about December 30, 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RAISHA KELLY,**
**WIDNY THIBAUD**
**ANN GILCHRIST, and**
**CORTIRA GRAY,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, Racquel Marks, Individuals 1 through 3, and others known and unknown to the Grand Jury, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means

5

of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP and EIDL loans; and (b) diverting fraud proceeds for their personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **RAISHA KELLY, WIDNY THIBAUD, ANN GILCHRIST, and CORTIRA GRAY** submitted and caused the submission of fraudulent PPP and EIDL loan applications, on behalf of themselves and corporate entities that they controlled.

5. **RAISHA KELLY**, in return for the payment of a kickback, submitted and caused the submission of false and fraudulent PPP loan applications for **ANN GILCHRIST, CORTIRA GRAY,** Racquel Marks, and Individuals 1 through 3.

6. In furtherance of the scheme, **RAISHA KELLY, WIDNY THIBAUD, ANN GILCHRIST, and CORTIRA GRAY** submitted and caused the submission of false and fraudulent information and documentation in support of the PPP loan applications, including falsified Internal Revenue Service ("IRS") forms, among other things that falsely and fraudulently represented the annual gross receipts and tentative profits of the sole proprietorships and corporate

entities they controlled.

7. **RAISHA KELLY, WIDNY THIBAUD, ANN GILCHRIST,** and **CORTIRA GRAY,** Racquel Marks, Individuals 1 through 3 and their co-conspirators used the proceeds from the scheme to enrich themselves and others and to further the scheme.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-9
## Wire Fraud
## (18 U.S.C. § 1343)

1. Paragraphs 1 through 24 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant(s), as indicated below, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of a false and fraudulent application for a loan made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) diverting fraud proceeds for her personal use, the use and benefit of others, and to further the

scheme and artifice.

## THE SCHEME AND ARTIFICE

4. The allegations contained in paragraphs 4 through 7 of the Manner and Means Section of Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF WIRES

5. On or about the dates below, in the Southern District of Florida, and elsewhere, the defendant indicated below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | DEFENDANT(s) | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|---|
| 2 | **WIDNY THIBAUD and RAISHA KELLY** | **April 12, 2021** | Electronic transmission from the Southern District of Florida to outside of the State of Florida of pictures of **WIDNY THIBAUD** to Financial Technology Company 1 |
| 3 | **RAISHA KELLY** | **April 13, 2021** | Electronic Transmission from the Southern District of Florida to outside the State of Florida of information notifying SBA of the the disbursement of a loan to **RAISHA KELLY** by Lender 4 |
| 4 | **RAISHA KELLY and CORTIRA GRAY** | **April 13, 2021** | Electronic transmission from the Southern District of Florida to outside of the State of Florida of pictures of **CORTIRA GRAY** to Financial Technology Company 1 |

| COUNT | DEFENDANT(s) | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|---|
| 5 | RAISHA KELLY and ANN GILCHRIST | April 15, 2021 | Electronic transmission from the Southern District of Florida to outside the State of Florida of information notifying the SBA of the disbursement of a loan to **ANN GILCHRIST** by Lender 4 |
| 6 | RAISHA KELLY | April 16, 2021 | Electronic Transmission from the Southern District of Florida to outside the State of Florida of information notifying the SBA of the disbursement of a loan to Individual 2 by Lender 2 |
| 7 | RAISHA KELLY and ANN GILCHRIST | April 17, 2021 | Electronic transmission from the Southern District of Florida to outside of the State of Florida of pictures of Racquel Marks to Financial Technology Company 1 |
| 8 | RAISHA KELLY | April 28, 2021 | Electronic Transmission from the Southern District of Florida to outside the State of Florida of information notifying the SBA of the disbursement of a loan to Individual 3 by Lender 4 |
| 9 | RAISHA KELLY | May 15, 2021 | Electronic Transmission from the Southern District of Florida to outside the State of Florida of information notifying the SBA of the disbursement of a loan to Individual 1 by Lender 4 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 10-11
## Wire Fraud
## (18 U.S.C. § 1343)

1. Paragraphs 19 and 25 of the General Allegations Section of this Indictment are re-alleged and fully incorporated herein by reference.

9

2. From on or about November 11, 2022, through on or about December 10, 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**WIDNY THIBAUD,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things, submitting a false and fraudulent mortgage loan application and supporting documents to Mortgage Lender 1, thereby inducing Mortgage Lender 1 to make a mortgage loan to the defendant.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices ought to accomplish the object and purpose of the scheme included, among others, the following:

4. **WIDNY THIBAUD** submitted false and fraudulent mortgage applications that misrepresented his employment and annual income.

5. **WIDNY THIBAUD** submitted forged and altered bank statements that misrepresented the amount of money he had in his bank account and a false and fraudulent W-2 that mispresented his annual income in tax year 2021.

10

6. Having received the false and fraudulent loan applications and related documents submitted by **WIDNY THIBAUD**, Mortgage Lender 1 approved a loan in the amount of $700,000.

## EXECUTION OF THE SCHEME AND ARTIFICE

7. On or about the dates specified below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant, **WIDNY THIBAUD**, did execute, attempt to execute, and cause the execution of, the aforesaid scheme and artifice to defraud, as more particularly described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 10 | November 23, 2022 | The transmission of a false and fraudulent paystub that was submitted in support of **WIDNY THIBAUD'S** loan application to Mortgage Lender 1 |
| 11 | December 5, 2022 | The transmission of a letter that mispresented **WIDNY THIBAUD'S** employment that was submitted in support of **THIBAUD'S** loan application to Mortgage Lender 1 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **RAISHA KELLY, WIDNY THIBAUD, ANN GILCHRIST**, and **CORTIRA GRAY**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, or a conspiracy to violate this section, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

███████████████

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
DANIEL BERNSTEIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

RAISHA KELLY ET. AL.

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                  (Check only one)
   I    ☒ 0 to 5 days                ☐ Petty
   II   ☐ 6 to 10 days               ☐ Minor
   III  ☐ 11 to 20 days              ☐ Misdemeanor
   IV   ☐ 21 to 60 days              ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
DANIEL BERNSTEIN
Assistant United States Attorney
FL Bar No.    0017973

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __RAISHA KELLY__

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: Twenty (20) years
* Mandatory Min. Term of Imprisonment (if applicable): No
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000

Counts #:2-9

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: Twenty (20) years
* Mandatory Min. Term of Imprisonment (if applicable): No
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ANN GILCHRIST

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000**

Counts #: 5, 7

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000**

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __CORTIRA GRAY__

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000**

Count #: 4

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __WIDNY THIBAUD__

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine:  $250,000**

Counts #: 2,10,11

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000**

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.